UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/23/2016
```

DONALD COLBERT,

                       Petitioner,

        -against-

ERIC SCHEIDERMAN,
Attorney General of the State of New York,

                       Respondent.

15-CV-5961 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       On July 27, 2015, Petitioner, Donald Colbert, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Bronx County, for manslaughter in the first degree.  Dkt. 1.  On August 3, 2015, this Court ordered the Respondent to answer the Petition and referred the action to Magistrate Judge Netburn for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b).  Dkts. 7-8.  On December 7, 2015, Magistrate Judge Netburn granted Petitioner's November 24, 2015 request to extend his time to file reply papers until January 15, 2016.  Dkt. 15.  On January 11, 2016, Petitioner informed the Court he would not submit a reply brief and would instead rely on the underlying trial transcript.  Dkt. 16.  On March 18, 2016, Magistrate Judge Netburn issued a report and recommendation recommending that the Petition be denied (the "R&R").  Dkt. 17.  Petitioner requested, and was granted, an extension through May 6, 2016 to file objections to the R&R, but no objections were filed.  Dkts. 18-19.  For the following reasons, the Petition is DENIED.

## DISCUSSION

       In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

1

U.S.C. § 636(b)(1)(C).  When, as here, no party objects to the Magistrate Judge's report and recommendation, the court may accept the report and recommendation provided that "there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.  Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Colbert claims three grounds for relief in his Petition: (1) his sentence of twenty years' incarceration and five years' post-release supervision violates the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the evidence was insufficient to support his conviction because the People failed to prove that he had the requisite *mens rea* to cause serious physical injury and death to the victim; and (3) he was deprived of his due process rights when the trial court refused to charge second-degree manslaughter and criminally negligent homicide as lesser-included offenses of first-degree manslaughter.  R&R at 9.  Magistrate Judge Netburn recommended that Colbert's Petition be denied because the Petitioner's claims do not warrant habeas relief.  R&R at 1.  Careful review of the R&R reveals that there is no facial error in its conclusions, and therefore the Petition is denied.

The first claim raised by Petitioner is that his sentence violated the Eighth Amendment. Before a federal court can review a petition for a writ of habeas corpus, a petitioner must exhaust all state-provided remedies.  28 U.S.C. § 2254(b)(1)(A).  R&R at 10.  Although Colbert raised on appeal that his sentence was excessive and asked the Appellate Division to exercise its discretion to reduce it, he did not fairly present the constitutional nature of the Eighth Amendment claim he

raises now. R&R at 12. His Eighth Amendment claim is, therefore, unexhausted. R&R at 12. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust a claim, a petitioner must "invoke[] one complete round of the State's established appellate review process" before bringing the same claim in federal court); *King v. Cunningham*, 442 F. Supp. 2d 171, 181 (S.D.N.Y. 2006) ("[A] prisoner's reliance on a state procedural law granting courts discretionary authority to reduce sentences does not 'fairly present' his/her constitutional claim in state court." (citations omitted)). Because Petitioner failed to exhaust this claim, the R&R correctly concluded that the Petition does not state a claim upon which habeas relief can be granted.

The second claim raised by Petitioner is that the evidence establishing his intention to cause serious physical injury to the victim was legally insufficient. R&R at 15. It is clearly established under federal law that to determine a legal sufficiency claim, the court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." R&R at 14 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Viewing the evidence in the light most favorable to the government, the evidence showed that Colbert and his co-defendant repeatedly punched and pushed the victim and that Colbert blocked the victim from escaping the beating. Based on that evidence, a reasonable jury could have found, beyond a reasonable doubt, that Petitioner had the requisite *mens rea* to cause serious physical injury to the victim. Thus, the R&R's conclusion that a reasonable factfinder could have found Petitioner guilty of manslaughter in the first degree is not clearly erroneous.

The final claim raised by Petitioner is that the trial court violated his due process rights by refusing to charge the lesser-included offenses of second-degree manslaughter and criminally

negligent homicide. R&R at 17. The R&R correctly concluded that this claim should be denied because "a claimed error in failing to include a lesser-included offense instruction in a non-capital cases is not a cognizable claim in a habeas corpus proceeding." *Id.* at 18 (quoting *Bonilla v. Lee*, 35 F. Supp. 3d 551, 569 (S.D.N.Y. 2014) (citing *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996))).

## CONCLUSION

For the reasons set forth above, the R&R is affirmed, and the Petition is denied. Because Petitioner filed no written objections to the R&R and because the R&R expressly warned that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States*, 107 F.3d 1011, 1014 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully requested to mail a copy of this Order to Petitioner and to note service on the docket. The Clerk of the Court is further requested to close the case.

**SO ORDERED.**

Date: August 23, 2016
New York, NY

**VALERIE CAPRONI**
**United States District Judge**

4